IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Arthur Hillman,                    )
                                   )
            Petitioner,            )   Case No. 1:03-CR-74
                                   )             1:05-CV-134
      vs.                          )
                                   )
United States of America,          )
                                   )
            Respondent.            )

Memorandum and Order

This matter is before the Court upon Arthur Hillman's
motion, pursuant to 28 U.S.C. § 2255, to vacate his sentence on
the ground that defense counsel was ineffective at sentencing for
failing to object to the inclusion in Mr. Hillman's criminal
history of constitutionally invalid state convictions and for
failing to object to the Court's failure to take into
consideration Petitioner's substantial assistance to the United
States in determining a sentence.  The Court observes that the
second claim asserted by Petitioner Hillman for relief under
§ 2255 is based upon an inaccurate conception of the facts
surrounding Petitioner's sentencing.  The United States moved for
a downward departure on the basis of Petitioner's substantial
assistance, and the Court granted the motion and departed by four
levels.  Petitioner has, apparently, recognized the futility of
the claim, as he has not addressed it in his reply memorandum.
The sole claim of ineffectiveness before the Court, therefore, is

Petitioner's claim that his counsel was ineffective in failing to object to the use of constitutionally invalid convictions to enhance his sentence in this matter.[1]

Petitioner Hillman entered his guilty plea on October 16, 2003. On March 1, 2004, this Court sentenced him to 126 months in prison. Petitioner did not appeal his conviction or sentence, which was calculated, in part, on the basis of a criminal history score that included a 1987 conviction for drug trafficking and 1995 convictions for aggravated trafficking. Petitioner contends that the 1987 conviction was constitutionally invalid in that he did not understand the rights he was relinquishing in entering his guilty plea. He contends that the 1995 convictions were misrepresented in the presentence report as aggravated trafficking offenses, even though Petitioner had actually pled guilty to lesser offenses. Petitioner does not deny that he was sentenced to periods of incarceration in excess of one year on those convictions, however. Petitioner contends that he informed his counsel of these issues prior to sentencing

---

[1]In his reply memorandum, Petitioner asserts, for the first time, that his conviction in this matter is unconstitutional in that he was forced to plead guilty to conspiracy even though he was not charged with conspiracy. The record simply does not bear out the factual assertion underlying that claim. Petitioner pled guilty to possession with intent to distribute marijuana. Accordingly, even were the issue properly before the Court, and it is not, the Court would conclude that it is based upon a misreading of the plea agreement and the Court's Judgment and that Petitioner is not entitled to relief under § 2255 for that and other reasons.

and that his counsel was ineffective in failing to bring them to
the Court's attention.  He contends that he was prejudiced as a
result of his counsel's ineffectiveness because his sentence
would have been significantly shorter had he not been credited
with these prior convictions.  He argues that his counsel's
ineffectiveness likely affected the sentence he received and
that, in accordance with the standards enunciated in Strickland
v. Washington, 466 U.S. 668 (1984), and its progeny, he is
entitled to the relief he now seeks.

     Claims of ineffective assistance of counsel are
reviewed under a two-part test.  See United States v. Davis, 306
F.3d 398, 422 (6th Cir. 2002), cert. denied, 537 U.S. 1208
(2003).  In order to succeed, a defendant must establish (1) that
his lawyer's performance was deficient compared to an objective
standard of reasonable performance and (2) that there is a
reasonable probability that his lawyer's errors prejudiced the
outcome of the proceedings against him.  See Arredondo v. United
States, 178 F.3d 778, 782 (6th Cir. 1999)(citing Strickland, 466
U.S. at 687-88).  "A reasonable probability is one that is
sufficient to undermine confidence in the outcome." Davis, 306
F.3d at 422 (citing Arredondo, 178 F.3d at 782).

     The Court first observes that Petitioner's claim as it
rests on his counsel's failure to object to the use of the 1995
convictions is futile.  He has not argued that he was not

3

sentenced to a qualifying term of imprisonment or that the Court assessed an incorrect number of criminal history points based upon the length of the sentence imposed.  He has not denied that the offenses were controlled substance offenses.  His challenge is only to the manner in which the offenses of conviction are identified in the presentence investigation report.  The identification of the precise charges is not relevant for sentencing purposes, however.  The fact of the convictions, the length of the sentence, and the nature of the offenses as controlled substance offenses are the relevant factors.  Even if Petitioner were able to establish that his counsel's performance was deficient, therefore, he could not establish prejudice and, thus, could not satisfy the second prong of the <u>Strickland</u> test. <u>See</u> <u>Arredondo</u>, 178 F.3d at 782.

Petitioner's claim is equally unavailing to the extent that it is based upon his counsel's failure to object to the inclusion of his 1987 conviction for drug trafficking. Petitioner contends that he pled guilty on that occasion without having been fully advised of the constitutional rights he was relinquishing by entering the plea.  This Court could not, however, have considered the issue of the constitutional validity of the 1987 conviction at sentencing in this matter.  <u>See</u> <u>Smith v. United States</u>, 262 F.3d 537, 539-40 (6th Cir. 2001). Accordingly, Petitioner's counsel's failure to assert an

4

unfounded objection on the basis of its asserted unconstitutionality could not have prejudiced the outcome of the sentencing hearing.  See Ratliff v. United States, 999 F.2d 1023, 1026 (6th Cir. 1993)(deficient performance must have prejudiced the outcome in order to serve as basis for relief).  For those reasons, Petitioner is not entitled to relief under § 2255.[2]

**IT IS THEREFORE ORDERED THAT**

1.  Petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED.**

2.  A certificate of appealability will not issue with respect to Petitioner's claims for relief because Petitioner has failed to make a substantial showing of the denial of a federal constitutional right remediable in this federal habeas corpus proceeding.  See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be taken in good faith and, therefore, denies any application by Petitioner to proceed *in forma pauperis* on appeal.  See

---

[2]Petitioner has also argued that his counsel was ineffective in that he failed to object to the Court's reliance upon only the charging documents in assessing criminal history points.  A review of the file and records, particularly the presentence investigation report, resolves this argument against Petitioner, however, and establishes that he is not entitled to the relief he seeks.  See § 2255.

Fed. R. App. P. 24(a); <u>Kincade v. Sparkman</u>, 117 F.3d 949, 954 (6th Cir. 1997).  Petitioner remains free to apply to the Court of Appeals for leave to proceed *in forma pauperis*.  <u>See</u> <u>id</u>.

_____/s/_____
Sandra S. Beckwith, Chief Judge
United States District Court

6