```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       WESTERN DIVISION
```

Arthur Hillman,              )
                             )
        Petitioner,          )   Case No. 1:03-CR-74
                             )             1:05-CV-134
    vs.                      )
                             )
United States of America,    )
                             )
        Respondent.          )

Order Denying Motion for Reconsideration

On July 22, 2005, this Court issued a Memorandum and Order denying Petitioner Hillman's motion, pursuant to 28 U.S.C. § 2255, to vacate his sentence on the ground that defense counsel was ineffective at sentencing for failing to object to the inclusion in Mr. Hillman's criminal history of constitutionally invalid state convictions and for failing to object to the Court's failure to take into consideration Petitioner's substantial assistance to the United States in determining a sentence.  The Court concluded that the second claim asserted by Petitioner Hillman for relief under § 2255 was based upon an inaccurate conception of the facts surrounding Petitioner's sentencing.  The Court further concluded that the first claim as it rested on his counsel's failure to object to the use of the 1995 convictions was futile.  The Court concluded that his first claim was equally unavailing because this Court could not have considered the issue of the constitutional validity of the 1987

conviction at sentencing in this matter.  See Smith v. United States, 262 F.3d 537, 539-40 (6th Cir. 2001).  Accordingly, Petitioner's counsel's failure to assert an unfounded objection on the basis of its asserted unconstitutionality could not have prejudiced the outcome of the sentencing hearing.  See Ratliff v. United States, 999 F.2d 1023, 1026 (6th Cir. 1993)(deficient performance must have prejudiced the outcome in order to serve as basis for relief).  For those reasons, the Court concluded that Petitioner was not entitled to relief under § 2255.

In support of his motion for reconsideration, Petitioner summarizes and reasserts the arguments he made in support of his original motion.  He has not established that the Court's analysis was faulty in any fashion or that reconsideration is otherwise appropriate for any reason.  Accordingly, his motion for reconsideration (Doc. 50) is hereby **DENIED**.

A certificate of appealability will not issue with respect to this Order because Petitioner has failed to make a substantial showing of the denial of a federal constitutional right remediable in this federal habeas corpus proceeding.  See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be taken in good faith and, therefore, denies any application by Petitioner to proceed *in forma pauperis* on appeal.

2

See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 954 (6th Cir. 1997).  Petitioner remains free to apply to the Court of Appeals for leave to proceed *in forma pauperis*.  See id.

**IT IS SO ORDERED.**

```
              /s/
Sandra S. Beckwith, Chief Judge
United States District Court
```